UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CREATIVE COMPOUNDS, INC.,<br><br>    Defendant. | Case No.:  15cv2081 JM(RBB)<br><br>**ORDER DENYING DEFENDANT CREATIVE COMPOUNDS, INC.'S MOTION TO TRANSFER VENUE** |

   This order addresses Defendant Creative Compounds, Inc.'s ("Creative's") motion to transfer venue, filed on November 16, 2015.  (Doc. No. 12).  The motion was fully briefed and found suitable for resolution without oral argument pursuant to Local Civil Rule 7.1.d.1.  For the reasons set forth below, Defendant's motion is denied.

///
///
///
///
///
///

1

# BACKGROUND

Plaintiff Natural Alternative International, Inc. ("NAI") initiated this action against Defendant Creative on September 18, 2015, alleging violations of the Lanham Act, California Unfair Competition Law, California False Advertising Law, trade libel and business disparagement, and intentional interference with prospective economic advantages. (Doc. No. 1).

Plaintiff's allegations are as follows: NAI is a publicly-traded Delaware corporation with its principal place of business in San Marcos, California, and Creative is a Nevada corporation with its principal place of business in Scott City, Missouri. (Doc. No. 1, ¶¶ 2-3). NAI is a formulator, manufacturer, marketer, and supplier of nutritional supplements and provides strategic partnering services to its customers. (Id. at ¶ 7). NAI sells its branded CarnoSyn® beta-alanine, an aimo acid, to customers domestically and abroad. (Id. at ¶ 1). Creative supplies beta-alanine to nutritional supplement contract manufacturers, formulators, and distributors throughout the United States. (Id. at ¶ 15).

NAI alleges that on or about September 5, 2015, Creative sent a "widely distributed blast email" to the market, which included NAI's customers and competitors. (Id. at ¶ 20). NAI alleges that the email contained numerous false and misleading statements regarding Creative's generic beta-alanine, NAI's CarnoSyn® beta-alanine, and NAI's intellectual property rights. (Id. at ¶ 22). NAI further states that it initiated this action to stop Creative from trying to mislead NAI's actual and potential customers and wrongfully interfering with its business. (Id. at ¶ 1). NAI seeks treble, statutory, and punitive damages; disgorgement of profit; declaratory and injunctive relief; and attorney's fees. (Id. at ¶¶ A-H).

Creative filed an answer to NAI's complaint on October 23, 2015. (Doc. No. 4). On November 16, 2015, Creative filed a motion to transfer venue to the Eastern District of Missouri. (Doc. No. 12). On December 21, 2015, NAI filed an opposition. (Doc. No. 16). On December 28, 2015, Creative filed a reply. (Doc. No. 17).

///

## LEGAL STANDARD

Venue transfer is governed by 28 U.S.C. § 1404(a), which states that an action can be transferred to another district "[f]or the convenience of the parties and witnesses, in the interest of justice" if the case could have originally been brought in the transferee court. Here, there is no dispute that NAI's claims could have been brought in the Eastern District of Missouri, so the court need only examine whether transfer would serve the interest of justice and be more convenient for the parties and witnesses.

In deciding whether to transfer a case under § 1404(a), Ninth Circuit courts employ a nonexclusive multi-factor test considering: (1) the plaintiff's choice of forum, (2) the contacts relating to the plaintiff's cause of action, (3) the respective parties' contacts with the forum, (4) the costs of litigation in available forums; (5) the availability of a compulsory process to compel the attendance of unwilling witnesses; (6) the ease of access to evidence; (7) the location where the relevant agreements were negotiated and executed; and (8) the state that is most familiar with the governing law. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Courts also consider a host of public factors, including but not limited to: (1) court congestion; (2) the local interest in having localized controversies decided at home; and (3) the unfairness of burdening citizens in an unrelated forum with jury duty. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

In general, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal, 805 F.2d at 843. However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimal consideration." Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

///
///
///

# DISCUSSION

To determine whether a transfer is appropriate in this action, the court analyzes each of the factors as they relate to the facts of this case.

### 1. Plaintiff's Choice of Forum and the Contacts Relating to Plaintiff's Cause of Action

Creative argues that Plaintiff's choice of forum should be given minimal consideration because the facts of the case have no relation to the forum.  See Pavao v. Unifund CCR Partners, 934 F. Supp. 2d 1238, 1242 (S.D. Cal. 2013), quoting Pacific Car, 403 F.2d at 954 ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is only entitled minimal consideration.").  Creative argues that of the total sixty-seven emails sent, only five were sent to recipients in California, and none to its Southern District.  Creative also claims that fifty of the recipients are located in Florida, Georgia, New York or New Jersey, making the Eastern District of Missouri "the center of gravity" and the more convenient location to travel to.

NAI counters that its choice of forum is due considerable deference.  First, NAI argues that the operative facts did occur in this forum.  NAI claims that the blast email sent by Creative had the intended effect of reaching many of its customers, current and potential, located in this district.  For example, NAI claims that one of its largest CarnoSyn® beta-alanine customers located in Carlsbad, California, received a copy of the email.  (Doc. No. 16-1, ¶ 6).  In addition, NAI alleges that Compound Solutions, Inc., a company in the dietary supplement industry located in Carlsbad, California, sent the text of Creative's email to NAI.  (Doc. No. 16, Exh. 1).  Therefore, NAI argues that the harm Creative intended to cause with the email was "directed" and "felt" in this district.  Second, NAI argues that Creative completely ignores the second requirement of the case law it quotes, namely that deference is reduced if "facts have not occurred within the forum" *and* "that forum has no particular interest in the parties or the subject matter."  See Pavao, 934 F. Supp. 2d at 1242.  Because NAI is headquartered in this district and

the complaint features claims based on California law, NAI argues that the choice of its home forum should be given considerable deference.

Creative argues in its reply that "the place of plaintiff's 'feeling injury'" is not the proper consideration, and that instead, the court should consider whether Creative sent any of the emails directly to this district. Creative reiterates that it did not, and therefore the facts giving rise to this dispute did not arise in this district.

While there is a factual dispute as to where the facts giving rise to this case arose, the court does not need to decide that for the purposes of this motion. NAI is headquartered in this district and chose its home forum to bring its claims, including claims under California law. Therefore, this district does have an interest in this action, and NAI's choice of its home forum should be given deference. Accordingly, these factors weigh against transfer.

**2. The Parties' Contacts with the Forum**

NAI has substantial contacts with this district. It is headquartered in San Marcos. (Doc. No. 1, ¶ 2). Its offices and employees are located in this district. (Doc. No. 16-1, ¶ 5). Creative's principal place of business is Scott City, Missouri, and it has contacts with this forum only insofar as it openly markets itself to customers across the United States, including in this district.

Because NAI has substantial contacts with this forum while Creative's respective contacts are with the Eastern District of Missouri, the court finds that this factor is neutral and does not weigh in favor of transfer.

**3. The Costs of Litigation in Available Forums**

Creative argues that the cost of litigation is lower in Missouri based on its median billing rates for non-solo attorneys and the cost of living as compared to California. NAI counters that these considerations are inapposite, as both jurisdictions allow admission for attorneys *pro hac vice*, so the parties are not limited or required to retain local counsel. Second, NAI argues that while the transfer will likely be more convenient and less expensive for Creative, it will increase the costs of litigation for NAI.

In deciding whether to transfer, the court must be careful to avoid a transfer that "would merely shift rather than eliminate" the inconvenience of costs. Decker Coal, 805 F.2d at 843. In this case, transfer would likely decrease Creative's costs, but it would likely increase NAI's costs to the same extent. Therefore, the court concludes this factor is also neutral and does not weigh in favor of transfer.

### 4. The Availability of Compulsory Process to Compel the Attendance of Unwilling Witnesses

Creative argues that all of its employees who were involved in the creation and sending of the email at issue are located in Missouri and cannot be compelled to testify in this forum.

A party may compel the testimony of its employees at trial. STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988). For non-party witnesses, the court's subpoena power extends to anywhere within the district and one hundred miles of the place of trial. Fed. R. Civ. P. 45(b)(2). For these reasons, courts frequently state that the convenience of third party witnesses is more important than that of party witnesses. See, e.g., HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999) (stating that the location of employees "is not as important a factor as it would be if they were not under the [party's] control"). Therefore, "[i]n support of a motion to transfer, a party must identify potential witnesses by name and describe their testimony." Clark v. Sprint Spectrum L.P., 2010 WL 5173872, at *3 (N.D. Cal. 2010).

Creative has not identified any non-party witnesses who might be unwilling to appear in this district. Additionally, Creative does not allege that any of the sixty-seven recipients are located in Missouri. Because these potential witnesses are located throughout the United States and some in Canada, the transfer here would at best "shift rather than eliminate the inconvenience." See Decker Coal, 805 F.2d at 843. Accordingly, this factor is at best neutral and does not weigh in favor of transfer.

///

///

6

**5. The Ease of Access to Evidence**

Creative claims that since fifty of the emails were sent to recipients located in New York, New Jersey, Florida and Georgia, which are all closer to Missouri than California, deposing them or potentially having them testify at trial would be more convenient in Missouri. Additionally, Creative alleges that Corey McNeely and Doug Kirman, its two employees most knowledgeable about the emails, are also located in Missouri.

NAI responds that access to evidence is available in both venues for two reasons. First, should any of the fifty recipients become witnesses, they would likely be deposed at their home location, not in California or Missouri. NAI also argues that Creative fails to acknowledge that for the five recipients located in California, this forum is much more convenient than the Eastern District of Missouri. Second, with respect to Creative's relevant documents and witness employees, NAI argues that the evidence here almost certainly involves electronic documents. Therefore, given the advances in electronic discovery, NAI argues document location is not particularly relevant in this case.

The court is not persuaded by Creative's broad argument that the location of some of the potential witnesses necessitates the transfer of this case. Creative has not identified any individuals it plans to use as witnesses. Creative also has not alleged that any of the potential witnesses are located in Missouri. Finally, the court agrees with NAI that the evidence in this case will almost certainly be available in electronic form, rendering transfer of venue unnecessary for that purpose. Accordingly, the court finds that this factor does not weigh in favor of transfer.

**6. Location of Relevant Agreements**

Neither party addressed this factor in their briefing. Additionally, the record before the court does not indicate the existence of any agreement between the parties relevant to this suit. Thus, the court concludes this factor is neutral and gives it little weight.

**7. Familiarity with Governing Law**

The complaint asserts causes of action under federal and California law. A

California district court is certainly more familiar with California law than district courts in other states. See Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1085 (N.D. Cal. 2008) ("A court in the Northern District of California is more familiar with California law than a court in the District of Arizona."). Therefore, this factor weighs against the transfer.

### 8. Court Congestion

With respect to court congestion, Creative argues that the Eastern District of Missouri has a time to trial of only about two months more than the median in the country, while this district is almost ten months more than the median. NAI responds that aside from this statistic, Creative has not demonstrated that potential court congestion would impede this action in this forum. NAI also relies on the Ninth Circuit's discussion of this issue in the context of a motion for *forum non conveniens*, where the courts stated that the doctrine should not be used "as a solution to court congestion" and that "other remedies, such as placing reasonable limitations . . . are more appropriate." Gates Learjet Crop. V. Jensen, 743 F.2d 1325, 1337 (9th Cir. 1984).

The court finds that this factor only slightly weighs in favor of transfer.

### 9. The Local Interest in Having Localized Controversies Decided at Home and the Unfairness of Imposing Jury Duty on Citizens in an Unrelated Forum

Because this action does not involve a controversy directly localized either in this district or the Eastern District of Missouri, the court finds that the Eastern District of Missouri may have an interest in adjudicating claims brought against its residents as much as this district may have an interest in providing redress to its residents. Therefore, the court finds that these factors are neutral and do not weigh in favor of transfer.

///
///
///
///
///
///

# CONCLUSION

The above analysis shows that all but one of the <u>Jones</u> factors are either neutral or weigh against transfer. Accordingly, exercising its discretion, the court concludes that transfer is not warranted, and denies Creative's motion to transfer this action to the Eastern District of Missouri.

IT IS SO ORDERED.

DATED: February 8, 2016

JEFFREY T. MILLER
United States District Judge