## MINUTES OF THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Natural Alternatives International, Inc.  v. Creative
Compounds Inc.

Case No.:  15-cv-02081-JM-RBB

Time Spent: _____

HON. RUBEN B. BROOKS          CT. DEPUTY VICKY LEE          Rptr. _____

### Attorneys

          Plaintiffs                                        Defendants

_____          _____

_____          _____

_____          _____

PROCEEDINGS:          ☐ In Chambers          ☐ In Court          ☐ Telephonic

On September 12, 2016, Defendant Creative Compounds, LLC filed a Notice of Ex Parte Motion and Memorandum of Points and Authorities in Support of Creative's Ex Parte Motion to Clarify Scheduling Order Or Alternatively Order Plaintiff to Respond to Discovery [ECF No. 47].  Defendant did not obtain a hearing date for the motion prior to its filing, as required by the Court's Local Rules.  S.D. Cal. Civ. R. 7.1(b).

"Ex parte motions are rarely justified[.]"  Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).  Relief on an ex parte basis is properly requested where limiting communication to the court is necessary because notice to the other party "might nullify the ability ever to achieve the end sought." Id.  Often times, however, ex parte requests merely seek to bypass "the framework of the rules" and "ask the court to hold a hearing urgently."  Id.  A movant bringing an ex parte application has the burden to show that relief is warranted.

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

Mission Power Eng'g Co., 883 F. Supp. at 492.

Defendant's ex parte request seeks to clarify the language in the Court's Scheduling Order setting October 17, 2016, as the deadline for completing fact discovery, and August 22, 2016, as the date to serve all interrogatories, requests for admission, and document production requests.  (Def.'s Ex Parte Mot. 2-3, ECF No. 47.)  Creative attempted to serve written discovery on Plaintiff on August 26, 2016.  (Id. at 2.)  Defendant argues that its failure to serve written discovery prior to the August 22, 2016 deadline should be excused because the language in the Order is ambiguous, or alternatively, because Defendant's misunderstanding of the Order constitutes excusable neglect.  (Id. at 6.)

Filing an ex parte motion requires the court to "drop[] everything except other urgent matters to study the papers."  Mission Power Eng'g Co., 883 F. Supp. at 491.  "Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief."  Moore v. Chase, Inc., No. 1:14-CV-01178-SKO, 2015 WL 4393031, at *4 (E.D. Cal. July 17, 2015) (quoting Clark v. Time Warner Cable, No. CV-07-1797-VBF (RCx), 2007 WL 1334965, at *1 (C.D. Cal. May

Natural Alternatives International, Inc.  v. Creative
Compounds Inc.

Case No.:   15-cv-02081-JM-RBB

3, 2007)).  "Ex parte relief is generally disfavored when relief may be had through a regularly-noticed motion."
Fernandez v. City of Los Angeles, Case No. CV 08-05044 DDP (SHx), 2009 WL 2169482, at *1 (C.D. Cal.
July 16, 2009).

Here, the Court issued its Scheduling Order on February 11, 2016 [ECF No. 28].  The parties were aware of the
deadlines set for discovery completion for the last seven months.  Creative Compounds has not demonstrated
diligence because it waited until August 26, 2016, to serve written discovery on Plaintiff.  The moving party
must be "without fault" in creating the need for ex parte relief or establish that the "crisis [necessitating the ex
parte application] occurred as a result of excusable neglect."  Moore, 2015 WL 4393031, at *4 (quoting Clark,
2007 WL 1334965, at *1).  Furthermore, Defendant does not argue that it will be irreparably harmed unless the
Court decides this matter on an emergency basis.  Given all the circumstances, the Court concludes that
Defendant failed to establish good cause for ex parte relief.  Accordingly, the Ex Parte Application is DENIED.
If Defendant wishes to bring its request to be considered on a regular noticed motion, it should contact the Court
to obtain a hearing date.

DATE: September 13, 2016                    IT IS SO ORDERED:

Ruben B. Brooks,
U.S. Magistrate Judge

cc: Judge Miller
     All Parties of Record