UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>CREATIVE COMPOUNDS, INC.,<br><br>                                    Defendant. | Case No.: 15cv2081 JM (AGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE** |

Defendant Creative Compounds, Inc. ("Creative") moves the court to consolidate two actions involving it and Plaintiff Natural Alternatives International, Inc. ("NAI"). (Doc. No. 60.) NAI opposes consolidation. (Doc. No. 64.) For the following reasons, the court denies Creative's motion.

## BACKGROUND

### A.   Parties

NAI is a formulator, manufacturer, marketer, and supplier of nutritional supplements that sells its branded CarnoSyn® beta alanine to customers around the world. NAI owns several patents and trademarks on its products. Creative is an importer and supplier of generic beta alanine to nutritional supplement contract manufacturers, formulators, and distributors in the United States. NAI and Creative are competitors.

B.     **Procedural History**

On September 18, 2015, NAI filed suit against Creative in this court (case number 15cv2081, hereinafter "the Lanham Act case").  In the Lanham Act case, NAI alleges various false advertising, trade libel, and unfair competition claims under the Lanham Act and state and common law.  The Lanham Act case is based on a blast email Creative sent to its customers in September 2015.  NAI alleges that the email included misrepresentations regarding NAI's beta alanine product, CarnoSyn®, including that (1) Creative could offer the trademarked beta alanine product to customers at a discount; (2) NAI unlawfully uses its patents to keep prices of the trademarked beta alanine high; and (3) NAI "appears to have admitted" that three of its patents are invalid, "as construed by a court in Delaware in 2011."

On August 24, 2016, NAI filed another action against Creative (case number 16cv2146, hereinafter "the Patent case").  The Patent case was originally assigned to Judge Curiel, but was transferred to this court on October 12, 2016, pursuant to the district's low-number rule.  In the Patent case, NAI alleges Creative induced others to infringe, and contributed to the infringement of, U.S. Patent No. 7,825,084.  NAI asserts that Creative infringed its patent "through the sale of beta-alanine and statements made in the Blast Email."  The claims in the Patent case appear to be almost entirely based on the same blast email that is at issue in the Lanham Act case, but the complaint in the Patent case also more generally alleges that Creative infringed the patent through "the sale of beta-alanine."

Creative now moves to consolidate the two cases and requests a new scheduling order that will govern both cases and effectively reset all deadlines.

C.     **Status of Discovery**

The parties have undertaken significant discovery in the Lanham Act case.  On February 11, 2016, Magistrate Judge Brooks entered a scheduling order requiring the parties to serve written discovery requests by August 22, 2016, and to complete fact

discovery by October 17, 2016.  The parties exchanged their Rule 26(a)(1) initial disclosures on April 1.

NAI served Creative with written discovery requests on April 5, July 19, and August 2, 3, 12, and 22.  NAI has served Rule 30(b)(6) deposition notices on Creative and has taken the deposition of Creative's designated witnesses on the subject of document collection.  NAI has also served personal deposition notices on Creative employees and subpoenas for depositions on third parties.

By contrast, Creative did not serve any written discovery requests on NAI by the August 22 deadline.  Creative filed an <u>ex parte</u> motion for leave to serve discovery requests past that deadline, which Judge Brooks denied.  Creative has now served deposition notices on NAI employees and a 69-topic Rule 30(b)(6) deposition notice on NAI.  The notices contain requests to produce documents.

Both parties have filed motions for protective orders regarding a number of scheduled depositions and corresponding document requests.  Judge Brooks stayed the depositions pending the resolution of the motions for protective orders.  Both cases have since been transferred to Magistrate Judge Schopler, who set a hearing on the motions for protective orders in the Lanham Act case for November 21, 2016.

### D.   Remaining Schedules

In the Lanham Act case, the scheduling order directs the parties to: disclose experts by November 14, 2016; serve opening expert reports by January 9, 2017; serve rebuttal expert reports by January 27, 2017; complete all expert discovery by February 27, 2017; and file pretrial motions by March 27, 2017.  Trial is set for September 18, 2017.  In the Patent case, an ENE is set for December 12, 2106.  No other schedules are set.

## LEGAL STANDARDS

When actions "involve a common question of law or fact," courts may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this rule to consolidate cases pending in the same district." <u>Inv'rs Research Co. v. U.S. Dist. Court</u>

for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989).  In determining whether consolidation is appropriate, courts weigh "the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation."  Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

## DISCUSSION

Creative makes several arguments in favor of consolidation, including that (1) the parties are identical; (2) the claims in both cases primarily arise out of the same blast email (and thus the factual portions of the complaints are nearly identical); (3) there is judicial economy in having a single trial based on an overlapping set of facts; (4) any delay is NAI's own fault, because it could have brought its patent claims in its original action; and (5) maintaining separate cases "increases the work required by the courts, increases the cost of the actions, requires more work by the parties and the courts, and unfairly burdens third party recipients of the September 2015 email."[1]

In response, NAI makes the following arguments against consolidation: (1) the Lanham Act case is much further along, with only the depositions that are the subject of the parties' motions for protective orders left to be completed; (2) the court should not give Creative another opportunity to serve written discovery in the Lanham Act case after it failed to do so by the deadline; (3) resolving the Patent case has no bearing on the

---

[1] Creative makes a number of additional arguments that the court finds unpersuasive.  First, Creative argues that "if through the Patent Case, Creative shows that the patent-in-suit is invalid, or that the 2015 email did not induce infringement, then such determination may significantly impact the disposition of the claims asserted in the Lanham Act Case."  As NAI points out, however, even if Creative were to successfully invalidate NAI's patents now, that would not necessarily justify Creative's statements at the time of the blast email.  Second, Creative argues that the local patent rules allow for discovery that may be useful to its defense in the Lanham Act case, as well as the Patent Case.  But the opportunity to manipulate the patent rules to better defend non-patent claims is not a good argument for consolidation.  Finally, Creative argues that consolidating the cases eliminates the possibility that two judges will decide two similar situations differently.  Now that both cases are in this court, that is no longer an issue.

Lanham Act case because at "the time Creative sent the Blast Email (which is still true today), none of NAI's 14 U.S. patents had been held invalid by a court and, by statute, they were presumed valid," or put another way, Creative's claims were improper at the time they were made and no future result in the Patent case would change that; (4) the Patent case will involve much broader issues related to proof of infringement and Creative's defenses because NAI asserts the blast email as "only some evidence of past and ongoing infringement by Creative and multiple additional parties, i.e., Creative's customers (named in the [Patent] complaint as DOES 1–100)"; and (5) NAI is seeking injunctive relief in the Lanham Act case, including corrective disclosures by Creative to the beta alanine market, and delaying such relief would prejudice NAI.

The court recognizes that there are reasonable arguments on both sides and understands the appeal of having all claims consolidated in one action. But because the cases are at very different junctures, the court believes it is most sensible to maintain them as separate actions. Courts set deadlines for a reason, and whenever possible, this court adheres to those deadlines. Consolidating the cases at this point will have the effect of delaying the Lanham Act case for upwards of a year.

At the same time, though, the court is willing to look for opportunities to coordinate the proceedings in an effort to prevent the duplication of work and promote judicial economy. The court will undertake that objective on its own initiative and invites the parties to propose their own ideas with an eye towards that goal, as well.

## CONCLUSION

In sum, the court denies Creative's motion to consolidate.

IT IS SO ORDERED.

DATED: November 7, 2016

_____
JEFFREY T. MILLER
United States District Judge